USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/30/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x

T. ERIC MONROE
        Plaintiff,

-against-

BUZZFEED, INC., et al.,
        Defendants.

23 Civ. 06234 (CM)

--------------------------------------------------------------x

## DECISION AND ORDER

McMahon, J.:

    Plaintiff T. Eric Monroe ("Plaintiff" or "Monroe"), a photojournalist who takes pictures of musical subjects, brought this action, pursuant to the Copyright Act of 1976 (the "Copyright Act"), 17 U.S.C. § 101 *et seq.* and the Digital Millennium Copyright Act (the "DMCA"), 17 U.S.C. § 1201 *et seq.*, against Complex Media, Inc. ("Complex") and ten unidentified individuals (the "Doe Defendants," and together with Complex, "Defendants"). Complex moves to dismiss Plaintiff's first amended complaint (the "FAC") in its entirety, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6), or in the alternative, for summary judgement pursuant to Fed. R. Civ. P. 12(d).

    For the reasons below, the Court will GRANT in part and DENY in part Complex's motion to dismiss, pursuant to Fed. R. Civ. P 12(b)(6). The Court declines to convert the Fed. R. Civ. P. 12(b)(6) motion to a motion for summary judgment pursuant to the discretion afforded by Fed R. Civ. P. 12(d), and thus, the alternative relief sought by Complex is DENIED.

### BACKGROUND

    Plaintiff Eric T. Monroe is a photojournalist and photographer of hip-hop music and culture. FAC ¶¶ 1, 12. He has collaborated with numerous artists and bands, and his work has been featured in various publications, such as Thrasher and XXL Magazine. *Id.* ¶¶ 1, 12. He operates a website, https://tdoteric.com/, where he sells and licenses his original work. *Id.* He created and is the sole owner of the exclusive rights, title, interests, and privileges in and to the original photograph (the "Subject Photograph") at issue in this case, *id.* ¶¶ 11, 14; FAC Ex. A:

**EXHIBIT A**



The version of the Subject Photograph provided by the Plaintiff is undated. Plaintiff claims that he has complied in all respects with the Copyright Act, 17 U.S.C. § 101, *et. seq.*, and registered the Subject Photograph with the United States Copyright Office ("USCO"). *Id.* ¶ 14.

Plaintiff states that he has publicly displayed the Subject Photograph and that the Subject Photograph was routinely published with attribution, credit, and other copyright management information ("CMI") identifying him as the author. *Id.* ¶¶ 15, 36. "Such copyright management information includes Monroe's signature, as shown identified Exhibit A." *Id.* ¶ 36.

Complex Media, Inc., a Delaware corporation doing business within the State of New York, is a digital music and culture news publication that owns complex.com. *Id.* ¶¶ 2, 8, 13. Plaintiff asserts that Complex derives its revenue, in large part, from online advertising. *Id.* ¶ 13. Plaintiff alleges that www.facebook.com/complex is controlled and operated by the Defendants. *Id.* ¶ 16.

Defendants Does 1 through 10 are other parties, not yet identified, who allegedly contributed to the infringement of Plaintiff's copyrights. *Id.* ¶ 9. Plaintiff believes that each of the Doe Defendants was, at all times, an agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was, at all times, acting within the scope of such agency, affiliation, alter-ego relationship and/or employment. *Id.* ¶ 10.

According to Plaintiff, on or about March 20, 2021, Defendants willfully copied, reproduced, and distributed the Subject Photograph (the "Infringing Use") for financial benefit for viewing in the United States on a United States website (www.facebook.com/complex), using United States servers. *Id.* ¶¶ 16-17, 24; *see* FAC Ex. B. Plaintiff alleges that the Defendants accessed the Subject Photograph via his website (https://tdoteric.com), online profiles and features, online publications and press featuring his work, his social media accounts, and/or through viewing the Subject Photograph on third-party websites (e.g., XXL Magazine, search engines). FAC ¶¶ 19,

2

23. He claims that, based on a comparison of the Subject Photograph with the corresponding images of the Infringing Use, the elements, composition, colors, arrangement, subject, lighting, angle, and overall appearance of the images are identical or at least substantially similar. *Id.* ¶ 18. Plaintiff states that he has not, in any way, authorized Defendants to copy, reproduce, duplicate, disseminate, distribute, or create derivative works of the Subject Photograph. *Id.* ¶ 20.

Allegedly, by creating infringing derivative works from the Subject Photograph and publishing them, Defendants infringed on Plaintiff's copyrights and obtained direct and indirect profits they would not otherwise have realized. *Id.* ¶¶ 25, 27, 33. Additionally, Plaintiff asserts that the Defendants each had the ability to oversee the development, publication, and distribution of the infringing imagery at issue and knowingly induced, participated in, aided and abetted in, and profited from the illegal reproduction and distribution of the Subject Photograph on affiliate, third-party, and social media sites. *Id.* ¶¶ 30-31.

Plaintiff further alleges that when the Defendants distributed and published the Subject Photograph on website(s), as shown in Exhibit B to the FAC, they did so after removing Plaintiff's attribution information, including his name and/or metadata, and/or having added false CMI to the Subject Photograph, *id.* ¶¶ 37, 39:

**EXHIBIT B**



Plaintiff has identified the "Complex" name shown above the Subject Photograph in Exhibit B as false CMI. *Id.* ¶ 38.

3

On January 12, 2023, Plaintiff sent Defendants a copyright infringement notice of the unauthorized use of his copyrighted work. *Id.* ¶ 21. Plaintiff claims that the Defendants have failed to respond meaningfully. *Id.*

On July 19, 2023, Plaintiff filed a complaint alleging three copyright infringement claims against Buzzfeed, Inc., d/b/a "Complex Media, Inc." ("Buzzfeed") and Defendants Does 1 through 10. Dkt. No. 1. Buzzfeed filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) or, in the alternative, summary judgment pursuant to Fed. R. Civ. P. 12(d), on September 25, 2023. Dkt. No. 12.

On October 9, 2023, Plaintiff filed a first amended complaint ("FAC") as of right pursuant to Fed. R. Civ. P. 15(a)(1)(B). Dkt. No. 16. Plaintiff substituted Complex for Buzzfeed as a named defendant, but has not identified any of the Doe Defendants. Plaintiff alleges three claims against all Defendants: (1) one count of Copyright Infringement pursuant to 17 U.S.C. § 101; (2) one count of Vicarious and/or Contributory Copyright Infringement; and (3) one violation of the Digital Millenium Copyright Act pursuant to 17 U.S.C. § 1202.

On November 1, 2023, Complex made the instant motion. Dkt. No. 23.

## DISCUSSION

### I. Legal Standard for a Rule 12(b)(6) Motion to Dismiss

To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A]ll reasonable inferences should be drawn in favor of the plaintiff," but the "complaint must contain sufficient allegations to nudge a claim 'across the line from conceivable to plausible.'" *Sphere Digital, LLC v. Armstrong*, No. 20-cv-4313 (CM), 2020 WL 6064156, at *4 (S.D.N.Y. Oct. 14, 2020) (quoting *Twombly*, 550 U.S. at 570). Where a plaintiff fails to "nudge[ ] their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570. Fed. R. Civ. P. 12(b)(6) "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of" the truth of the allegations. *Twombly*, 550 U.S. at 545.

"In reviewing a motion to dismiss, a court may consider, inter alia, (1) documents that are incorporated by reference into the complaint, and (2) documents that, even if not incorporated by reference, the defendant has notice of and that are 'integral' to the complaint without converting the motion to dismiss to a motion for summary judgment." *Whiddon v. Buzzfeed, Inc.*, 638 F.Supp.3d 342, 349 (S.D.N.Y. 2022) (citing *BankUnited, N.A. v. Merritt Env't Consulting Corp.*, 360 F. Supp. 3d 172, 183 (S.D.N.Y. 2018); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47-48 (2d Cir. 1991)).

Because the Subject Photograph, Infringing Use, and Plaintiff's copyright registration are all incorporated by reference and integral to the FAC, I may consider those items without

4

converting the motion to dismiss to a motion for summary judgement. And while the Court must draw all factual inferences in favor of the Plaintiff, the Court need not accept Plaintiff's characterizations of those items, as "the works themselves supersede and control contrary descriptions of them" contained in the pleadings or elsewhere. *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010) (quoting *Walker v. Time Life Films, Inc.*, 784 F.2d 44 (2d Cir. 1986)).

## II.     The Motion to Dismiss Plaintiff's First Cause of Action Denied

In the first cause of action, Plaintiff asserts a claim for direct infringement of his copyright by Complex and the Doe Defendants. Complex's motion to dismiss this claim is DENIED.

Copyright "is a federal grant of a property interest in the production, replication, publication, and distribution of certain classes of 'original works of authorship fixed in any tangible medium of expression. . . .'" *Davis v. Blige*, 505 F.3d 90, 98 (2d Cir. 2007) (quoting 17 U.S.C. § 102(a)). To state a claim for copyright infringement, a plaintiff must show both "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); *see Matthew Bender & Co. v. W. Pub. Co.*, 158 F.3d 674, 679 (2d Cir. 1998). The existence of either an express or implied license to engage in the challenged copying "may be raised as an affirmative defense to copyright infringement." *Playboy Enterprises Int'l Inc. v. Mediatakeout.com LLC*, 15 Civ. 7053, 2016 WL 1023321, at *2 (S.D.N.Y. Mar. 8, 2016); *see Yamashita v. Scholastic Inc.*, 936 F.3d 98, 104 (2d Cir. 2019); *Spinelli v. Nat'l Football League*, 903 F.3d 185, 197 (2d Cir. 2018); *Shihab v. Complex Media, Inc.*, No. 21-cv-6425, 2022 WL 3544149, at *3 (S.D.N.Y. Aug. 17, 2022).

A license defense "requires proof, at a minimum, 'of a meeting of the minds between the licensor and licensee such that it is fair to infer that the licensor intended to grant a nonexclusive license.'" *Barcroft Media, Ltd. v. Coed Media Group, LLC*, 297 F. Supp. 3d 339, 349 (S.D.N.Y. 2017) (quoting *Assoc. Press v. Meltwater U.S. Holdings, Inc.*, 931 F. Supp. 2d 537, 562 (S.D.N.Y. 2013)).

Complex has argued that the act Plaintiff complains of—Complex's Facebook post containing the Subject Photograph—is not copyright infringement because Plaintiff granted Facebook and its users, including Complex, an actual or implied license to share his content when he agreed to Facebook's terms of service ("Terms of Service") and "freely (and for free) widely disseminated his purported photograph when he posted it on Facebook." MTD, at 8. Thus, Complex's "copyright liability turns on whether" it was a licensee of the Plaintiff, "the nature of any licensing agreement (i.e., exclusive or non-exclusive), and the timing of such agreement (i.e., whether it was put in place before or after the alleged use)." *Gasery v. Kalakuta Sunrise, LLC*, 422 F.Supp.3d 807, 815 (S.D.N.Y. 2019).

The FAC does not plead that Complex is a licensee of Plaintiff, and Complex has not demonstrated that it is in fact a licensee of Plaintiff. On the contrary: the well-pleaded facts coupled with Complex's justification for its "licensee" argument strongly suggests that Complex does NOT have a license, either express or implied, to use Plaintiff's copyrighted photographs. *See Shihab*, 2022 WL 3544149, at *3.

5

*First*, to determine whether there was an actual or express license, the Court takes judicial notice of Facebook's Terms of Service.[1] Del Pizzo Decl. Ex. F, at 1. Facebook's Terms of Service provide in relevant part: "when you share, post, or upload content that is covered by intellectual property rights on or in connection with our Products, you grant *us* a non-exclusive, transferable, sub-licensable, royalty-free, and worldwide license to host, use, distribute, modify, run, copy, publicly perform or display, translate, and create derivative works of your content." Del Pizzo Decl. Ex. F, at 8 (emphasis added).

While Facebook's Terms of Service establish that Facebook "clearly granted *itself* a license to use [Plaintiff's] content, the policies do not unambiguously convey that license to all of [Facebook's] users." *Steinarsdottir v. Tripscout, Inc.*, No. 23-CV-1528 (CRC), 2024 WL 1532587, at *4 (D.D.C. Apr. 9, 2024) (emphasis in original). "In essence, [Complex's] argument is a request to find that any copyright holder who posts his copyrighted material onto a social media platform has waived his copyright to the material." *Graham v. Prince*, No. 15-cv-10160, 16-cv-8896, 2023 WL 3383029, at *23 (S.D.N.Y. May 11, 2023). That request is denied.

*Second*, as to the issue of the existence of an implied license, "courts have found implied licenses only in 'narrow' circumstances where one party 'created a work at the other's request and handed it over, intending that the other copy and distribute it.'" *SmithKline Beecham Consumer Healthcare, L.P. v. Watson Pharmaceuticals, Inc.*, 211 F.3d 21, 25 (2d Cir. 2000) (brackets omitted) (quoting *Effects Assocs., Inc. v. Cohen*, 908 F.2d 555, 558 (9th Cir. 1990)). As in *Shihab*, "[t]he case at hand does not present a 'narrow' circumstance where one party created a work at the other's request and handed it over, intending that the other copy and distribute it." 2022 WL 3544149, at *3 (quoting *SmithKline*, 211 F.3d at 25). As alleged in the FAC, Plaintiff did not create the Subject Photograph because Complex requested it, nor did Plaintiff transmit the Subject Photograph to Complex so that Complex may copy and distribute the Subject Photograph. *Shihab*, 2022 WL 3544149, at *3. "Complex's observation that 'social media platforms are intended for sharing content,' and its allegation that [Plaintiff] shared his content on social media do not satisfy this Circuit's requirements for establishing an implied license. *Shihab*, 2022 WL 3544149, at *3 (citing *Backgrid USA, Inc. v. Enttech Media Group LLC*, CV 20-6803-RSWL-RAO, 2020 WL 6888724, at *1 n.1 (C.D. Cal. Aug. 21, 2020)).

Accordingly, Complex's motion to dismiss Plaintiff's direct copyright infringement claim is denied.

### III.   The Motion to Dismiss Plaintiff's Second Cause of Action is Denied

In the second cause of action, Plaintiff asserts a claim for vicarious and/or contributory infringement of his copyright by Complex and the Doe Defendants. Complex's motion to dismiss this claim is DENIED.

---

[1]   The Court will take judicial notice of Facebook's Terms of Use for the limited purpose of resolving Complex's motion to dismiss, given that these documents "are publicly accessible; there is no dispute as to the authenticity of the items; and while the meaning of the terms in the items may be in dispute, the existence of the terms themselves is not." *McGucken v. Newsweek, LLC*, 464 F. Supp. 3d 594, 600 n.2 (S.D.N.Y. 2020) (citing Fed. R. Evid. 201(b)(2)); *Force v. Facebook, Inc.*, 934 F.3d 53, 59 n.5 (2d Cir. 2019).

"A person 'infringes contributorily by intentionally inducing or encouraging direct infringement, and infringes vicariously by profiting from direct infringement while declining to exercise a right to stop or limit it.'" *Spinelli v. Nat'l Football League*, 903 F.3d 185, 197 (2d Cir. 2018) (quoting *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005)).

Viewing the FAC in a light most favorable to Plaintiff, Plaintiff has plausibly alleged that Complex either intentionally induced or encouraged (contributory infringement) or profited from while declining to exercise a right to stop or limit (vicarious infringement) the infringement by Doe Defendants 1-10. Plaintiff's claim survives until the Doe Defendants are either named or dismissed. As I am denying the motion to dismiss the Doe Defendants (it not being clear that there is no possibility that claims against them are time barred), Complex's motion to dismiss Plaintiff's claim for vicarious and/or contributory infringement is denied.

### IV. The Motion to Dismiss Plaintiff's Third Cause of Action is Granted in Part and Denied in Part

In the third cause of action, Plaintiff asserts a claim for violation of the Digital Millenium Copyright Act ("DMCA") by Complex and the Doe Defendants. Complex's motion to dismiss this claim is GRANTED in part and DENIED in part.

Section 1202 of the DMCA "is intended to protect consumers from misinformation as well as authors and copyright owners from interference with the private licensing process." *Fischer v. Forrest*, 968 F.3d 216, 222 (2d Cir. 2020) (citation and internal quotation marks omitted). To that end, Section 1202 provides that no person shall knowingly and intentionally remove or alter copyright management information ("CMI"), 17 U.S.C. § 1202(b), or distribute "false" CMI, *id.* § 1202(a). "CMI is defined as '[t]he name of, and other identifying information about, the author ... [or] copyright owner' that is 'conveyed in connection with' a creative work." *Lixenberg v. Complex Media, Inc.*, No. 22-cv-354, 2023 WL 144663, at *4 (S.D.N.Y. Jan. 10, 2023) (citing 17 U.S.C. § 1202(c)).

Plaintiff alleges that the Defendants violated both provisions when they (a) removed his CMI from the Subject Photograph and (b) added false CMI to the Subject Photograph before reproducing and distributing it. The first of these claims cannot be dismissed at the pre-answer motion stage; the second, however, can be.

#### (a) Plaintiff's Claim of Removal or Alteration of CMI

To establish a claim for unlawful removal or alteration of CMI under Section 1202(b) of the DMCA, a plaintiff must show: "(1) the existence of CMI in connection with a copyrighted work; and (2) that a defendant distributed works or copies of works; (3) while knowing that CMI has been removed or altered without authority of the copyright owner or the law; and (4) while knowing, or having reasonable grounds to know that such distribution will induce, enable, facilitate, or conceal an infringement." *Mango v. Buzzfeed*, 970 F.3d 167, 171 (2d Cir. 2020) (cleaned up) (internal citations omitted). The third and fourth elements are considered Section 1202(b)'s double-scienter requirement, *see Mango*, 970 F.3d at 171.

The FAC pleads the first two elements of Plaintiff's Section 1202(b) claim: the Subject Photograph attached to the FAC contains what Plaintiff has identified as his CMI—his signature,

FAC Ex. A; *see Gattoni v. Tibi, LLC*, 254 F. Supp. 3d 659, 663-65 (S.D.N.Y. 2017); *Simhaq v. Kid Carter Touring, Inc.*, No. 20-cv-2057, 2021 WL 3810754, at *4 (E.D.N.Y. Aug. 11, 2021), and the screenshot of Complex's Facebook page shows that Complex posted a version of the Subject Photograph that does not contain that signature. FAC ¶ 39; FAC Ex. B; *see Simhaq*, 2021 WL 3810754, at *4.

The FAC also pleads the last two elements of Plaintiff's Section 1202(b) claim: the so-called "double-scienter" requirement. "The Second Circuit has stated that courts should be lenient in allowing scienter issues to survive motions to dismiss." *Aaberg v. Francesca's Collections, Inc.*, No. 17-CV-115 (AJN), No. 2018 WL 1583037, at *9 (S.D.N.Y. Mar. 27, 2018) (citing *In re DDAVP Direct Purchaser Antitrust Litig.*, 585 F.3d 677, 693 (2d Cir. 2009)). Here, the FAC alleges that Plaintiff sent Defendants a copyright infringement notice of the unauthorized use of his copyrighted work on January 12, 2023, and that Defendants have failed to respond in any meaningful way. FAC ¶ 21; *see Aaberg*, 2018 WL 1583037, at *9. "Similar allegations were sufficient to establish the knowledge element of the DMCA claims in other cases." *Aaberg*, 2018 WL 1583037, at *9 (citing *Fischer v. Forrest*, No. 14-CV-1304 (PAE), 2015 WL 195822, at *9 (S.D.N.Y. Jan. 13, 2015); *Agence France Presse v. Morel*, 769 F. Supp. 2d 295, 306 (S.D.N.Y. 2011), 769 F. Supp. 2d at 306; *Goldstein v. Metro. Reg'l Info. Sys., Inc.*, No. CV TDC-15-2400, 2016 WL 4257457, at *8 (D. Md. Aug. 11, 2016). "The allegations of knowledge here are sufficient to survive a motion to dismiss as well." *Aaberg*, 2018 WL 1583037, at *9

As in *Devocean Jewelry LLC v. Associated Newspapers Ltd.*, No. 16-CV-2150 (KMW), 2016 WL 6135662, at *2 (S.D.N.Y. Oct. 19, 2016), and *Gattoni*, 254 F.Supp.3d at 664, the presence of copyright information in the Infringing Use—the credit "tag" that hyperlinks to Plaintiff's Facebook page, FAC Ex. B—"undermines the strength of Plaintiff's allegations regarding [Defendants'] intent." But, as in *Gattoni*, 254 F.Supp.3d at 664, Complex has not cited to any authorities that indicate that "'tagging' the author of a Photograph conclusively means the [Defendants] lack[ed] the required scienter under the DMCA." *See also Shihab*, 2022 WL 3544149, at *5.

The Court acknowledges that Complex has provided the Court with screenshots of variations of the Subject Photograph that appeared on Plaintiff's Facebook Page over the years (July 2018, September 2018, February 2019, June 2019, August 2020, December 2020, March 2021), including *prior* to the date of Exhibit B to the FAC, Del Pizzo Decl. Exs. B, C, D, E; and Plaintiff's signature does not appear in the screenshots of the variations of the Subject Photograph—rather, for the most part, the screenshots include either Plaintiff's watermark, "T. ERIC MONROE," or what appears to be his social media handle, "@tdoteric." *Id.*

But I am dealing with a motion to dismiss, not a motion for summary judgment; and I decline to convert the motion. This means that I cannot consider the extraneous material provided by Complex, and I must "draw all reasonable inferences in Plaintiff's [favor], and at this stage, it is at least as reasonable to infer that the CMI was altered to conceal or facilitate the alleged infringement as for any other reason. Therefore, the Court concludes that Plaintiff's allegations of intent are sufficiently detailed to pass the [Fed. R. Civ. P.] 12(b)(6) threshold," *Devocean*, 2016 WL 6135662, at *2; *see Patterson v. Diggs*, No. 18-cv-03142, 2019 WL 3996493, at *4 (S.D.N.Y. Aug. 23, 2019); *Hirsch v. CBS Broadcasting Inc.*, No. 17 Civ. 1860, 2017 WL 3393845, at *8 (S.D.N.Y. Aug. 4, 2017).

Complex's motion to dismiss the Section 1202(b) claim is, therefore, DENIED.

### (b) Plaintiff's Claim of False CMI

To establish a violation of Section 1202(a), a plaintiff must prove that (i) the defendant provided, distributed, or imported for distribution CMI in connection with a copyrighted work; (ii) the CMI was false; and (iii) the defendant knew the CMI was false; and (iv) acted with the intent to induce, enable, facilitate, or conceal an infringement. *Shihab v. Source Digital, Inc.*, No. 23-cv-7266, 2024 WL 3461351, at *8 (S.D.N.Y. July 18, 2024).

Here, Plaintiff alleges that the Defendants added false CMI—including the "Complex" name that appears above the version of the Subject Photograph in the Facebook post—to the Subject Photograph and proceeded to distribute and publish the Subject Photograph with the false CMI on website(s), including but not limited to Complex's Facebook post, as depicted in Exhibit B to the FAC. *Id.* ¶¶ 37–41. On a motion to dismiss, I assume that allegation is true. However, that assumption does not mean that Plaintiff has stated a claim for violation of Section 1202(a). He has not.

"[T]he point of CMI is to inform the public that something is copyrighted," *Roberts v. BroadwayHD LLC*, 518 F.Supp.3d 719, 737 (S.D.N.Y. 2021) (quoting *Laser Kitten, LLC v. Mark Jacobs Int'l, LLC*, No. 17 Civ. 8613 (JFK), 2018 WL 4830091, at *4 (S.D.N.Y. Oct. 4, 2018); so "CMI includes identifying information about a work, including its title and author, conveyed 'in connection with' the work." *Shihab*, 2024 WL 3461351, at *8 (citing 17 U.S.C. § 1202(c); *Bounce Exchange Inc. v. Zeus Enterprise Ltd.*, No. 15-cv-3268 (DLC), 2015 WL 8579023, at *3 (S.D.N.Y. Dec. 9, 2015)). CMI "does not include any personally identifying information about a user of a work . . . ." 17 U.S.C. § 1202(c).

The designation "Complex" that underlies Plaintiff's Section 1202(a) claim does not purport to identify either the title or the author of the work. *See Shihab*, 2024 WL 3461351, at *8. For that reason, the "Complex" designation is not CMI—it is not copyright-identifying information. Rather it merely identifies the Facebook user that posted the Subject Photograph. *See* FAC. Ex. B. The very same designation appears on every post made to Complex's Facebook page. It identifies Complex as the author only of the posts—"[i]t does not imply that the defendant is also the author of all or any of the posted material, including the [Subject Photograph]." *Shihab*, 2024 WL 3461351, at *9. In other words, the "Complex" name indicates that "Complex" is the *user,* not the *creator* of the Subject Photograph. "User information is not CMI." *Howarth v. Carsanaro Landscaping, Inc.*, No. 22-cv-10998, 2023 WL 5978298, at *5 (D. Mass. July 21, 2023).

For this reason, Complex's motion to dismiss the Section 1202(a) claim is GRANTED.

### V. The Motion to Dismiss Plaintiff's Claim for Statutory Damages, Attorneys' Fees, and Costs is Denied

Plaintiff's prayer for relief includes a standard request for statutory damages, attorneys' fees, and costs under both Sections 505 and 1203, to the extent that they are available. FAC, Prayer for Relief. Complex argues that the Court should at least dismiss Plaintiff's claim for statutory damages, attorney's fees, and cost for copyright infringement, as Plaintiff did not register his

9

copyright to the Subject Photograph until April 13, 2023, which was *after* Defendants' alleged infringement.[2] Complex further argues that the Court should dismiss Plaintiff's claim for statutory damages, attorneys' fees, and costs relating to the DMCA claim because the time bar imposed by Section 412 applies to *all* copyright claims, including those arising under Section 1203. MTD, at 16 (citing *Granger v Assocs. Abstract, LLC*, No. 09-cv-510, 2010 WL 11692440, at *5 (D.N.J. April 6, 2010)).

Motions to dismiss are properly addressed to causes of action, not forms of relief. It is premature for the Court to conclude that a particular form of relief is unavailable to Plaintiff. I thus deny the motion to dismiss as premature. Nonetheless, the parties can rest assured that the Court is aware of the limitations in the Copyright Act on the recovery of damages, costs, and attorneys' fees for infringing acts that occurred *before* the date of Plaintiff's registration of the Subject Photograph. That law will be applied if relevant.

### VI. The Motion to Dismiss the Doe Defendants is Denied.

Complex seeks dismissal of the Doe Defendants in this matter because the claims against the Doe Defendants "could be barred by the statute of limitations." MTD, at 17.

The naming of fictitious defendants is permissible when a plaintiff has not yet discovered the identity of the party, *Vega-Santana v. Nati'l R.R. Passenger Corp.*, 956 F. Supp. 2d 556, 562 (S.D.N.Y. 2013). "Fictitious parties must eventually be dismissed, if discovery yields no identities." *Id.* at 563 (citing *Kemper Ins. Cos. v. Fed. Express Corp.*, 115 F.Supp.2d 116, 125 (D.Mass.2000)). Discovery has not yet concluded. Furthermore, Defendants have not affirmatively asserted that Plaintiff's claims against the Doe Defendants are in fact barred by the statute of limitations. We do not dismiss parties because claims against them "could" be time-barred; we only dismiss parties when claims against them "are" time-barred.

The motion to dismiss the Doe Defendants at this time is DENIED.

---

[2] Plaintiff alleges that Defendants' infringement occurred "[o]n or about March 20, 2021," FAC ¶ 16. Plaintiff does not contest that the Subject Photograph was only registered on April 13, 2023, *see* Del Pizzo Decl., Ex. A.

## CONCLUSION

For the foregoing reasons, Complex's motion to dismiss under Fed. R. Civ. P 12(b)(6) is GRANTED in part and DENIED in part. The Court declines to convert the Fed. R. Civ. P. 12(b)(6) motion to a motion for summary judgment pursuant to the discretion afforded by Fed R. Civ. P. 12(d), and thus, the alternative relief sought by Complex is DENIED.

Dated: September 30, 2024

U.S.D.J.

BY ECF TO ALL COUNSEL